UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
UNITED STATES OF AMERICA,           :      Criminal No. 04-280 (FSH)
                                    :
                                    :
       v.                           :      **ORDER**
                                    :
RAKIM BASKERVILLE,                  :      February 3, 2010
                                    :
              Defendant.            :
_____:

This matter having come before the Court upon Rakim Baskerville's Motion for a New Trial pursuant to Fed. R. Crim. P. 33; and the Court having received an opposition from the Government; and the Court noting that Defendant Baskerville seeks a new trial on the basis of newly discovered evidence, specifically arguing that the Government failed to disclose potential impeachment materials on Officer George Snowden, one of the Government's witnesses at Defendant's trial;[1] and the Court further noting that Federal Rule of Criminal Procedure 33(a) states, in relevant part, "[u]pon the defendant's motion, the court may vacate any judgment and

---

[1] According to the Government, "prior to calling Snowden to the stand, the government made a formal written request to the Newark Police Department and the DEA to search their files and deliver to the government any potential impeachment materials they possessed regarding Snowden." Both agencies responded that they had no potential impeachment materials for Snowden and the DEA advised the Government to contact the Newark Police Department. After the conclusion of the trial in this matter, Snowden was hired by the Monmouth County Prosecutor's Office and during his background check, it was revealed that a final civil restraining order had been issued against Snowden in connection with a verbal argument he had over the telephone with a former girlfriend on New Year's Eve in 1996. In October 2006, upon learning that the final civil restraining order was in effect, Snowden petitioned Union County Family Court to dismiss the order. The order was dismissed on December 8, 2006. Over a year later, in connection with preparing for another trial, the Government made a request of the Monmouth County Prosecutor's Office for potential impeachment materials relating to Snowden. In response, Monmouth County informed the Government of this civil restraining order. Upon learning this new information, by letter dated September 16, 2008, the Government informed Defendant Baskerville and his co-Defendant Hakeem Curry of the above information.

grant a new trial if the interest of justice so requires;" and the Third Circuit indicating that a new trial should be granted only if "there is a serious danger that a miscarriage of justice has occurred-that is an innocent person has been convicted;"[2] and the Court noting that "[u]nlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case;"[3] and it appearing that for this Court to grant a new trial it must find that the information regarding the civil restraining order constitutes newly discovered evidence and that this evidence is of such a nature that the interests of justice require a new trial; and Baskerville arguing that the civil restraining order constitutes newly discovered evidence because he would have been able to cross-examine Snowden at trial regarding the 1996 argument with his girlfriend; and the Court noting that impeachment with prior specific instances of conduct is governed by Federal Rule of Civil Procedure 608(b);[4] and the Court further noting that inquiries into specific conduct of witnesses for impeachment purposes is limited to the issue of truthfulness;[5] and the Court finding that in determining whether the civil restraining order is a permissible subject for cross-examination it must engage in a balancing test weighing the

---

[2] *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994) and *United States v. Morales*, 902 F.2d 604, 606 (7th Cir. 1990))

[3] *Johnson*, 302 F.3d at 150 (citing *United States v. Lacey*, 219 F.3d 779, 783-84 (8th Cir.2000); *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir.1988)).

[4] Federal Rule of Evidence 608(b) states that specific instances of conduct "may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination."

[5] *See United States v. Borca*, 623 F.2d 281, 288 (3d Cir. 1980).

probative value on the issue of truthfulness versus the prejudicial value of the conduct pursuant to Federal Rule of Evidence 403;[6] and the Court, after engaging in the appropriate balancing test, finds that the civil restraining order would not be the proper subject of cross-examination because it did not involve conduct that would lead one to question Snowden's veracity and the incident, having occurred some 9 years earlier, was so remote in time that this incident would be more prejudicial than probative; and the Court further finding that even if it had found that the civil restraining order constituted newly discovered evidence that was a permissible subject of cross-examination, nonetheless Defendant Baskerville would not be entitled to a new trial based on newly discovered evidence because there is virtually no connection between this old civil restraining order involving Snowden's girlfriend and the very serious drug conspiracy crimes committed by Baskerville;[7] and the Court further finding that there was no *Brady* or *Giglio*

---

[6] *See id.* Conduct involving lying, theft, perjury, fraud or deception are generally considered probative of truthfulness, and therefore permissible subjects of cross-examination. *Id.* Conversely, courts have denied cross-examination of specific instances of conduct, such as conduct that involved the issuance of a temporary order of protection, that are not probative of either truthfulness or untruthfulness. *See United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir.), *cert. denied*, 537 U.S. 936 (2002); *United States v. Brown*, 2009 WL 497606 *1 (E.D.N.Y. 2009). In addition, older instances of conduct have been determined to be less probative and more prejudicial. *See United States v. Schwab*, 886 F.2d 509, 513-14 (2d Cir. 1989), *cert. denied*, 493 U.S. 1080 (1990).

[7] To obtain a new trial based on newly discovered evidence, a defendant in this Circuit must satisfy five requirements:
>  (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b)
> 
>  facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000). In order for a motion of this type to

violation in the Government's failure to disclose information regarding Snowden's civil order of protection because the Government was not aware of the order;[8] and that the Government did disclose the facts to the Defendants as soon as it learned of them; and for good cause having been shown,

    IT IS on this 3rd day of February, 2010,

    ORDERED that Defendant's Motion for a New Trial pursuant to Fed. R. Crim. P. 33 is DENIED.

s/ Faith S. Hochberg<br>
Faith S. Hochberg, U.S.D.J.

---

be granted, all five of these requirements must be met. *United States v. Ianelli*, 528 F.2d 1290, 1292 (3d Cir. 1976). In the instant case, Baskerville cannot meet all five of these requirements. Assuming that Defendant can meet the first two requirements, he cannot possibly meet the remaining three. Defendant, himself, at page 2 of his brief refers to the new evidence as "potential impeachment material." Snowden's civil protection order is wholly unrelated to the issues involved, *i.e.*, Defendant's guilt or innocence, let alone "material" to them. Finally, Defendant cannot possibly show that the newly discovered evidence would "probably produce an acquittal."

    [8] *See United States v. Agurs*, 427 U.S. 97, 103 (1976); *see also United States v. Tillem*, 906 F.2d 814, 824 (2d Cir. 1990) (the government is only required to turn over information of which it is aware).